IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACKIE M. JOHNSON,

    Plaintiff,

    vs.

CALIFORNIA MEDICAL FACILITY
HEALTH CARE SERVICES, et al.,

    Defendants.

No. 2:13-cv-0997 EFB P

ORDER FOR ASSIGNMENT AND
FINDINGS & RECOMMENDATIONS TO
DISMISS FOR FAILURE TO
EXHAUST ADMINISTRATIVE REMEDIES

/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. For the reasons stated below, this action must be dismissed for plaintiff's failure to exhaust administrative remedies prior to filing suit.

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes

exhaustion a precondition to *suit*."). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006); *McKinney*, 311 F.3d 1198; *see also Rhodes v. Robinson*, 621 F.3d 1002, at *6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new claims raised in a supplemental complaint regarding conduct that occurred after the initial complaint was filed).

California prisoners may appeal "any policy, decision, action, condition, or omission" that the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.1(b).

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action, so long as no exception applies. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003); *see also Diaz v. McCue*, 2013 U.S. App. LEXIS 3162, at *2 (9th Cir. Mar. 12, 2013) ("prisoner's concession to nonexhaustion is a valid ground for dismissal only if no exception to exhaustion applies and record is clear that plaintiff has conceded," citing *Wyatt*); *Ransome v. Longero*, 2013 U.S. App. LEXIS 134, at *2 (9th Cir. Cal. Jan. 3, 2013) ("exhaustion is an affirmative defense and sua sponte dismissal for failure to exhaust administrative remedies under the PLRA is only appropriate if, taking the prisoner's factual allegations as true, the complaint establishes her failure to exhaust," citing *Jones v. Bock*, 549 U.S. 199, 214-16 (2007)).

Plaintiff's form complaint, filed in May and dated in April, alleges that he was denied adequate medical care on March 4, 2013. Dckt. No. 1 § IV. Plaintiff checked the boxes on the complaint indicating that a grievance procedure is available to him, and that he presented the facts in his complaint for review through that grievance procedure. Dckt. No. 1, § II (A)-(B).

However, plaintiff plainly concedes that he has not completed the grievance process. *Id.*, § I (C). As noted, exhaustion is mandatory and must be completed prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). Plaintiff's complaint establishes that he failed to properly exhaust prior to filing suit. He does not allege any basis that could excuse him from the exhaustion requirement, and the court is unaware of any exception that would allow him to commence this action while still in the process of exhausting.

Given plaintiff's concession that he did not properly exhaust available administrative remedies and the absence of any applicable excuse, coupled with the unlikelihood of proper exhaustion given the given the timing of the complaint relative to its allegations, the court finds that plaintiff did not exhaust his administrative remedies prior to filing suit. This action must therefore be dismissed without prejudice.[1]  *See Wyatt*, 315 F.3d at 1120.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

////

---

[1] Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion of the prison grievance process.

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 29, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4